FILED

MAR 1 9 2010

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

CAUSE NO. _____

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY | § § § | UNITED STATES DISTRICT COURT |
| v. | § § | |
| IMAGE HOMES, LTD., SIX D'S, L.L.C., GENERAL PARTNER, IMAGE HOMES, LTD., DAVID HIRSCH, LAURA HIRSCH | § § § § § § | WESTERN DISTRICT OF TEXAS **SA10CA0218XR** SAN ANTONIO DIVISION |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Mid-Continent Casualty Company petitions this Court, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, Texas Civil Practice & Remedies Code § 37.001, *et seq.*, and Federal Rule of Civil Procedure 57, for construction of insurance policies, and a declaration that it owes no duty to defend or to indemnify Image Homes, Ltd., and Six D's, L.L.C., General Partner of Image Homes, Ltd., for any judgment or other obligation to David Hirsch and Laura Hirsch, and for cause of action respectfully would show the following:

## PARTIES

1.      Plaintiff Mid-Continent Casualty Company ("Mid-Continent") is an Ohio corporation with its principal place of business at 1437 Boulder Avenue, Tulsa, Oklahoma.

2.     Defendants Image Homes, Ltd., and Six D's, L.L.C., General Partner of Image Homes, Ltd., are entities based and doing business in Texas, and may be served with process by certified mail, return receipt requested, to their registered agent Roberto Kenigstein, at 10924 Vance Jackson, San Antonio, Texas 78230.

3.     Defendants David Hirsch and Laura Hirsch are individuals residing in Bexar County, Texas, who may be served with process by certified mail, return receipt requested, addressed to them at 21 Westelm Circle, San Antonio, Texas 78230.

## JURISDICTION

4.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the plaintiff and defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

## VENUE

5.     Venue is proper in this Court because the facts giving rise to this claim occurred in this District.

## FACTS

6.     Mid-Continent issued commercial general liability insurance policies to Image Homes, Ltd., and Six D's, L.L.C., General Partner of Image Homes, Ltd., under Policy Numbers GL-677962 effective 6-18-07 to 6-18-08; GL-635390 effective 6-18-06 to 6-18-07; GL-593333 effective 6-18-05 to 6-18-06; GL-551377 effective 6-18-04 to 6-18-05; and GL-525448 effective 6-18-03 to 6-18-04 (collectively the "policies.")

7.     On January 19, 2010, David Hirsch and Laura Hirsch sued Image Homes, Ltd., and Six D's, L.L.C., General Partner of Image Homes, Ltd.,[1] in Cause No. 2010-CI-00817, 87th Judicial District Court, Bexar County, Texas.  The *Hirsch* suit alleges that on January 20, 2000, the Hirsch plaintiffs entered a contract for Image Homes to build a residence in Bexar County at 21 Westelm Circle, San Antonio, Texas, for $822,120.00, eventually modified to a sum of $1,101,088.50.

8.     The *Hirsch* suit alleges that the house was "substantially complete" with the plaintiffs occupying it in May 2001 and continuously since that date.  They allege the construction was defective at the time of move-in, and that the builder knew it was defective but did not inform the owners, who did not know of the defects.  In June 2008, plaintiffs and Image Homes entered a separate contract to replace the existing roof, engaging Clay Experts Roofing Group, Ltd., to perform this work.  Plaintiffs allege this work also was defective and resulted in leaks and property damage.

9.     Specific complaints involve site grading, water penetration through the roof and windows, improper stucco construction, inadequate HVAC performance, and use of propane rather than natural gas appliances when the house has natural gas service.  The petition alleges as theories of liability: breach of contract (including warranties); negligence and gross negligence; violations of the Texas Deceptive Trade Practices-Consumer Protection Act, including misrepresentation, breach of warranty, and unconscionable conduct; claims under the Residential Construction Liability Act; and misrepresentation and fraud, including fraudulent inducement and fraudulent

---

[1] Hereinafter Image Homes, Ltd., and Six D's, L.L.C., General Partner of Image Homes, Ltd., will be referred to collectively as Image Homes, except where the context indicates otherwise.

concealment.  The suit seeks actual damages, including the cost to repair or restore "elements of the residence," loss of use, and relocation expenses, in an amount in excess of $600,000.00, as well as exemplary or statutory enhanced damages, attorney fees, and interest.

10.    Image Homes tendered the claim to Mid-Continent for defense. Mid Continent denied having any duty to defend based on the pleadings and the terms of its policies.  Mid-Continent based its denial on, among other things, non-coverage due to absence of an occurrence or property damage, and exclusions for Expected or Intended Injury, Damage to Your Work, and "Fungus, Mold, and Mildew."

## CAUSES OF ACTION

11.    Mid-Continent now seeks the Court's declaration that it owes no duty to defend or to indemnify Image Homes for any damages that may be awarded in the *Hirsch* suit, because the claims in the *Hirsch* suit fall outside the scope of coverage and/or fall within the terms of applicable policy exclusions, as set out below.

## NO DUTY TO DEFEND

12.    In determining a duty to defend, Texas courts follow the eight-corners rule, also known as the complaint-allegation rule: "an insurer's duty to defend is determined by the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations." *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006).   In reviewing the underlying pleadings, the court must focus on the *factual allegations* that show the origin of the damages rather than on the legal theories alleged. *National Union Fire Ins. Co. v.*

4

*Merchants Fast Motor Lines*, 939 S.W.2d 139, 141 (Tex. 1997); *see also Adamo v. State Farm Lloyds Co*., 853 S.W.2d 673, 676 (Tex. App.—Houston [14th Dist.] 1993, writ denied) ("It is not the cause of action alleged that determines coverage but the facts giving rise to the alleged actionable conduct.").   For the following reasons, Mid Continent has no duty to defend Image Homes in connection with the *Hirsch* suit.

13.   The exclusion listed in each policy as 2 (l), as modified by Endorsement CG 22 94 10 01, excludes coverage for "property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."  "Your work" means (1) work or operations performed by you or on your behalf; and (2) materials, parts or equipment furnished in connection with such work or operations, and includes (1) warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work," and (2) the providing of or failure to provide warnings or instructions.  The policy defines "products-completed operations hazard" to include: "all . . . 'property damage' occurring away from premises you own or rent and arising out of 'your work' . . . except . . . [w]ork that has not yet been completed or abandoned . . . work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed."

14.   The factual allegations in the *Hirsch* suit establish that the work was complete, as the Hirsch plaintiffs state that they occupied the home in May 2001 and have occupied it continuously since then.  The first Mid-Continent policy period incepted in June 2003, over two years after the Hirsch plaintiffs moved in to the house.  All the damages claimed are for "your work" of Image Homes and fall within the products-

completed operations hazard, under which work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.  Accordingly, Mid-Continent has no duty to defend the allegations in the *Hirsch* suit.

15.    In addition, the fortuity doctrine precludes any duty to defend based on the allegations in the *Hirsch* suit.  The fortuity doctrine incorporates the "known loss" and "loss in progress" principles.  *Two Pesos v. Gulf Ins. Co.*, 901 S.W.2d 495, 501 (Tex. App.—Houston [14th Dist.] 1995, no writ).  These aspects of the fortuity doctrine focus on the proposition that insurance coverage is precluded where the insured is, or should be, aware of an ongoing progressive loss or known loss at the time the policy is purchased.  *Id.*  A "known loss" is a loss the insured knew had occurred prior to making the insurance contract.  *See Burch v. Commonwealth Mut. Ins. Co.*, 450 S.W.2d 838, 840-41 (Tex. 1970).

16.    The Hirsch plaintiffs' suit alleges that Image Homes was aware of defects in the home when they moved in [in May 2001, two years ahead of Mid-Continent's first policy].  The *Hirsch* suit further alleges leaks and damage that occurred and were reported to Image Homes up to and including January 2002.  As a matter of law, the Hirsch plaintiffs' claims represent a loss in progress and a known loss as to Image Homes, and the fortuity doctrine bars any duty to defend.

## NO DUTY TO INDEMNIFY

17.    The duty to defend and the duty to indemnify are independent, and the existence of one does not necessarily depend on the existence or proof of the other. *D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*, 2009 Tex. LEXIS 1042 (Tex. 2009). The duty to indemnify is based on facts established in the liability case or in coverage litigation.   Under current Texas law, the duty to indemnify is justiciable before the liability suit is concluded.  *See Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (observing that "[i]n many cases . . . the court may appropriately decide the rights of the parties before judgment is rendered in the underlying tort suit," and encouraging insurers to "make a good faith effort to ***fully resolve*** coverage before a judgment has been rendered in the underlying claim" [emphasis added]"); *see also State Farm Fire & Cas. Co. v. Gandy*, 925  S.W.2d 696, 714  (Tex. 1996)(recognizing adjudication of coverage and duty to defend before plaintiff's claim is adjudicated); *Markel*, 2009 Tex. LEXIS 1042 *10 (determining the duty to indemnify hinges on the facts established, and evidence is usually necessary in the coverage litigation to establish or refute an insurer's duty to indemnify); *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp*, 532 F.3d 398, 404 (5th Cir. Tex. 2008) (courts are not precluded from making factual findings in coverage actions).

18.    The following exclusions in the policies preclude any duty to indemnify for the elements of damages sought in the *Hirsch* suit:

a.    *Expected or Intended Injury.*  Exclusion 2 contains specific exclusions for Expected or Intended Injury that eliminate coverage for "bodily injury" or "property

damage" expected or intended from the standpoint of the insured, and for "loss caused intentionally by or at the direction of the insured; or any dishonest, fraudulent, criminal, malicious and knowingly wrongful acts."    Pertinent to these exclusions, the petition alleges conduct that the defendants acted "knowingly," with conscious indifference, and "with intent," violated the Texas Deceptive Trade Practices Act, engaged in misrepresentation, fraud, fraudulent inducement, and fraudulent concealment, and committed gross negligence.    Proof of these allegations would negate any duty to indemnify for resulting damages.

b.    As explained above, Exclusion 1 negates coverage for "your work" and damages included in the completed operations hazard.  Because the pleading establishes that the house was complete—even if the work required repair—and occupied over two years before any Mid-Continent policy took effect, Exclusion 1 applies to all damages alleged and precludes any coverage.

c.    Each policy includes an endorsement relating to fungus, mildew and mold. The policies state that the insurance does not apply to:

1.    "Bodily injury", "property damage", "personal or advertising injury" or "medical payments" arising out of, resulting from, caused by, contributed to, attributed to, or in any way related to any fungus, mildew, mold or resulting allergens;

2.    Any costs or expenses associated, in any way, with the abatement, mitigation, remediation, containment, detoxification, neutralization, monitoring, removal, disposal or any obligation to investigate or assess the presence or effects of any fungus, mildew, mold or resulting allergens; or

3.    Any obligation to share with or repay any person, organization or entity, related in any way to items 1 and 2.

8

These endorsements clearly preclude any duty to indemnify for property damage, including loss of use, relating to mold, and for expenses relating to mold assessment and remediation.

19.     In addition to the foregoing terms of the policy that preclude any duty to indemnify Image Homes in the *Hirsch* suit, Mid-Continent asserts non-coverage of any damages that may have occurred before or after the effective date of the policies, any damages that are not caused by an "occurrence," and any damages that are not "property damages," e.g., ineffective HVAC and propane appliances, all within the meaning of those terms as they appear in the policies.

20.     Further, based on insuring agreement terms and exclusions, as well as sound public policy, Image Homes is not entitled to coverage for any exemplary, punitive, or enhanced statutory damages based on "knowing" or "intentional misconduct," or "gross negligence," or "malice;" and the fortuity doctrine also precludes any coverage for the losses alleged.

21.     In summary, and without limiting the foregoing, the policy does not cover damages alleged in the *Hirsch* suit that are not "property damages" caused by an "occurrence" within the policies' effective periods, nor expected or intended damages, nor damage to Image Homes' work after the work was completed, nor "property damage" that occurred after Mid-Continent's policy periods, nor damages falling within the fungus, mildew, and mold exclusion, nor intentional damages or punitive damages, nor for losses in progress.

22. Thus, the policy terms and conditions and coverage periods preclude coverage for, without limitation, the cost to repair or restore the work of Image Homes, the loss of use of the residence, the cost of having to vacate the residence, the cost to remove and replace other property, those cost of alternate living accommodations, any other economic and/or non-economic damages, to restore elements of the work that deviates from written contract requirements and specifications, using materials other than as specified and agreed, any alleged incomplete and/or defective work, defective HVAC, defective appliances, defective or damaged surface grading/landscaping, foundation, floors, drywall, finishes, framing, insulation, defective stucco and other exterior structures, defective interior structures, defective roofing, defective flashing, defective windows, and leaks and mold and water damage that have resulted.  Further, the policy terms and conditions do not cover alleged differences in market value, reduction in market value, or diminution in value.

23. Under the terms of the applicable declaratory judgment statutes, Mid-Continent is entitled to recover attorney fees and other relief.

## PRAYER

24. Mid-Continent requests that the Court declare and enter judgment that:

    a. Mid-Continent owes no duty to defend Image Homes under the policies;

    b. Mid-Continent owes no duty to indemnify Image Homes under the policies;

    c. Mid-Continent recover its reasonable attorney fees and costs; and

    d.    Mid-Continent recover such other and further relief to which it may be entitled at law or in equity.

        Respectfully submitted,

        CHAMBERLAIN ♦ McHANEY
        301 Congress Avenue, 21st Floor
        Austin, Texas   78701
        (512) 474-9124
        (512) 474-8582 (Facsimile)

By: _____
        TIM POTEET
        State Bar No. 16170300

**ATTORNEYS FOR PLAINTIFF**